## HOUSER *vs.* GEORGE.

It is a general rule, to which there is no exception, that he who alleges error must show error, every presumption being in favor of the judgment. Where the record is confused, and fails to show any error of which this court can take cognizance, an affirmance will result.

Judgment affirmed.

March 11, 1884.

BLANDFORD, Justice.

[Houser brought complaint on a note against George. Defendant pleaded failure of consideration, in that the guano for which the note was given was worthless, and that it was not inspected, tagged and branded as required by law.

On the trial, defendant testified to the facts set out in his pleas.

Plaintiff testified that the lot of guano from which this was sold was tagged and branded, and that when the note given for the guano fell due, defendant expressed his inability to pay it, and desired to renew it, which was done, and the note in suit given.

Two verdicts appear in the record. First, appears one that " we, the jury, find a verdict in favor of the defendant," signed by W. B. Handle, foreman. After this, follows a judgment written into a printed blank, without erasing the balance of the form, and this causes the judgment to read as follows:

"Whereupon it is considered by the court that the *defendant* do recover of the *plaintiff his costs in this behalf expended to be taxed* the sum *by the clerk of this court, and* . . . . . *cents for principal* debt and . . . dollars and . . . for interest to . . . . . and the sum of . . . . . dollars and . . . . . cents for costs in this behalf expended, and the defendant be in mercy.

Judgment signed this . . . . day of . . . . 188 .

SMITH & STROUD,
M. G. BAYNE,
Defendant's attorneys."

(The part in italics represents what was in writing, and the balance in printing.)

On the back of the petition appears another verdict, that " we, the jury, find the verdict for the defendant on the first plea. (Signed) Jno. R. Goodin, foreman."

Neither of the verdicts nor the judgment were dated.

Plaintiff moved for a new trial, because the verdict was contrary to law, evidence and the charge of the court; because the court refused to rule out the evidence of defendant, and strike his pleas, after it appeared that the note was given in renewal, and because the court charged that if the guano or any part of it was not tagged with the state inspector's tag or seal at the time defendant bought it from Houser (the plaintiff), the plaintiff could not recover, because the contract was illegal if the guano was not branded and tagged according to law.

The motion was overruled, and plaintiff excepted.

There also appears a judgment, granting a new trial, dated September 29, 1881.]